IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD J. GALLO,

    Plaintiff(s),

v.

WASHINGTON COUNTY ET AL.,

    Defendant(s).

08cv0504
**ELECTRONICALLY FILED**

## ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS (DOC. NO. 79)

After consideration of plaintiff's prior Motion to Compel (doc. no. 58), the Court entered the following Order (doc. no. 68) on January 20, 2009:

> AND NOW, this 20th day of January, 2009, it is hereby ORDERED, ADJUDGED and DECREED that Plaintiff's Motion to Compel (doc. no. 58) is GRANTED.
> Defendants are ordered to produce full and complete responses to Interrogatories No. 1 and No. 2 and Request for Production No. 1; and
> All those portions of the medical record used by Defendants at any deposition(s) or intends to use at trial relating to or referencing the culture results, as well as records for any other responsive inmate. All documents produced pursuant to this Order of Court, shall be marked as follows: "This document is produced under Order of Court, and shall be used only in case no. 08-504 and is confidential."

Thereafter, Defendants (Washington County, Joseph Pelzer and Cheryl McGavitt)(hereinafter referred to as "Washington County Defendants") did not move for reconsideration or clarification or modification of the above-quoted January 20, 2009 Order of Court, at any time.

On January 27, 2009, plaintiff filed a document titled "Motion for Sanctions" (doc. no. 79), contending that defendants did not comply with said Order of Court (doc. no. 68). The Court, by Text Order, on January 28, 2009, directed that a response be promptly filed. The Washington County Defendants filed their Response to the Motion to Compel on January 29,

2009 at doc. no. 84.

The Washington County Defendants, in their response, explained their "interpretation of the Order issued by this Court" in paragraph 3 (see also paragraph 6); complained that the Order was "ambiguous" in paragraph 4, was "vague" in paragraph 6, and was "a non-specific Order "in paragraph 16; complained that the Court "did not hold an argument on the Motion to Compel" in paragraph 6 (despite the straight-forward nature of the Motion to Compel and Response thereto); and complained that "the Order goes beyond the relief requested in the Motion to Compel," in paragraph 4. The Washington County Defendants cited no case or cases to support their positions that any of the above arguments, or all these arguments taken together, justify their non-compliance with the Order (doc. no. 68) granting Plaintiff's Motion to Compel.

Therefore, based upon the Washington County Defendants' disregard of this Court's prior Order on the Motion to Compel, their failure to seek reconsideration of the Order if they took exception to it, and their failure to seek clarification of the Order if they were unclear on it, the Court will GRANT the pending Motion for Sanctions (doc. no. 79), and the relief requested by plaintiff (as modified), as being appropriate under the circumstances and tailored to provide appropriate relief for the Washington County Defendants' non-compliance, as follows:

Thus, pursuant to F.R.C.P. 37(b)(A)(I), it is taken as established that Inmate S.M. immediately preceded Ronald Gallo in cell Three East Deck 21A and, further, that the culture of S.M.'s infection was positive for MRSA.

Further, the Court awards plaintiff's reasonable counsel fees and costs relating to this discovery matter. Plaintiff shall file a request for attorney's fees and costs, complying with Third Circuit requirements, relating to the Motion to Compel (doc. no. 53) and the Motion for Sanctions (doc. no. 79). The future plaintiff's motion for attorney's fees and costs, shall be filed

by February 9, 2009, and the Washington County Defendants may file a response thereto by noon on February 12, 2009.

                          SO ORDERED, this 4th day of February, 2009

                          /s Arthur J. Schwab
                          Arthur J. Schwab
                          United States District Judge

cc:     All Registered ECF Counsel and Parties